Sujoy **GUPTA**, Plaintiff-Appellant,

v.

**EAST TEXAS STATE UNIVERSITY,**
Defendant-Appellee.

No. 79–3833.

United States Court of Appeals,
Fifth Circuit.
Unit A

Aug. 28, 1981.

Mullinax, Wells, Baab, Cloutman & Chapman, Edward B. Cloutman, III, Sanford Denison, Dallas, Tex., for plaintiff-appellant.

Martha H. Allan, Asst. Atty. Gen., Austin, Tex., for defendant-appellee.

Before RUBIN and GARZA, Circuit Judges, and D. W. SUTTLE,* District Judge.

SUTTLE, District Judge:

Sujoy Gupta, born in India and now a naturalized citizen of the United States, brought this Title VII [1] suit alleging that his former employer, East Texas State University (ETSU), discriminated against him on the basis of his national origin and religion (Hindu). Gupta appeals after losing his non-jury trial on the merits. He contends that the district court erred in (1) failing to find that ETSU discriminated against him by denying him summer employment and by compensating him at a lower rate than his peers; (2) failing to find that ETSU discharged him in retaliation for filing charges with the Equal Employment Opportunity Commission (EEOC) and for bringing this lawsuit; and (3) failing to make sufficient subsidiary findings and to make its findings in accordance with the recognized mode of analysis in employment-discrimination cases. Finding Gupta's contentions unavailing, we affirm the district court's judgment below.

Gupta came to ETSU in the summer of 1965 as a visiting instructor. He was employed by ETSU continuously until 1976, becoming an assistant professor, an associate professor, and in 1971 a full professor with tenure. Gupta filed his first charge against ETSU with the EEOC on July 9, 1975; he alleged that he had been discriminated against when, for the first time in ten years, ETSU did not offer him full summer employment. He also complained of a discrepancy between his salary and that of Anglo faculty members, and of ETSU's failure to grant him a leave of

---

* District Judge of the Western District of Texas, sitting by designation.

1. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

absence for medical reasons. The EEOC issued its Right to Sue letter on the first charge late in February of 1976. Gupta filed this lawsuit on March 23, 1976.

Meanwhile, Gupta had filed his second charge with the EEOC in early February of 1976, wherein he alleged various acts of retaliation because of his first charge. Specifically, he accused the university administration of ignoring his correspondence about his grievances, denying him summer employment for 1976, and turning down his applications for teaching and research grants. The EEOC issued its Right to Sue letter on this charge on May 12, 1976.[2] However, these allegedly retaliatory actions were not litigated at trial and are not at issue on appeal.

■ An issue that was of great importance at trial and is here on appeal is the retaliatory-discharge issue. After Gupta instituted this lawsuit, he was notified that his teaching contract would not be renewed for the following year. Gupta contends that his nonrenewal was in retaliation for his filing charges with the EEOC; however, he never filed a third charge with the EEOC alleging retaliatory discharge. The jurisdiction of the district court over the retaliatory-discharge issue is thereby thrown into doubt,[3] as the filing of an administrative complaint is a jurisdictional prerequisite to bringing suit under Title VII. *Ray v. Freeman*, 626 F.2d 439, 442 (5th Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 1701, 68 L.Ed.2d 198 (1981).

This circuit has previously suggested[4] that administrative exhaustion of retaliation claims is not required, because the district court has ancillary jurisdiction over such claims. *Pettway v. American Cast Iron Pipe Co.*, 411 F.2d 998 (5th Cir.), *rehearing and rehearing en banc denied*, 415 F.2d 1376 (5th Cir. 1969) (*Pettway* II). In *Pettway* I[5] the district court had dismissed a Title VII action brought by the plaintiff. Pending an appeal from that dismissal, the plaintiff was discharged. The plaintiff filed a complaint with the EEOC charging retaliation. Shortly thereafter, without waiting for the complaint to be processed, the plaintiff petitioned the district court, in *Pettway* I, for injunctive relief—in the form of reinstatement—pending resolution of the appeal. The district court dismissed the petition for lack of jurisdiction. However, treating the petition as a new and independent action (*Pettway* II), the district court denied relief on the merits. In *Pettway* II, the Fifth Circuit found that the district court had erred in refusing to treat the petition for injunctive relief as ancillary to *Pettway* I; the district court had jurisdiction of the petition as ancillary to the case then pending on appeal. *Pettway* II, 411 F.2d at 1002–03.

■ Several lower courts in the circuit have interpreted *Pettway* II as eliminating the exhaustion requirement for retaliation claims because the district court has ancillary jurisdiction over such claims. *See Held v. Missouri Pacific Railroad Co.*, 373 F.Supp. 996, 1000–1002 (S.D.Tex.1974), *on denial of class-action status*, 64 F.R.D. 346 (S.D.Tex. 1974); *Thomas v. Southdown Sugars, Inc.*, 484 F.Supp. 1317, 1320 (E.D.La.1980); *Pouncy v. Prudential Insurance Company of America*, 499 F.Supp. 427, 435 (S.D.Tex. 1980). In keeping with the suggestion in *Pettway* II and the adherence to that sug-

2. In their pretrial order submitted to and approved by the district court in October of 1979, the parties agreed that the EEOC had never issued a Right to Sue letter on this second charge. Yet we find a copy of the letter among the plaintiff's exhibits and a reference to the letter in the defendant's motion to dismiss.

3. We are obliged to examine this jurisdictional question on our own motion, even though the parties themselves have not raised it. *Pettinelli v. Danzig*, 644 F.2d 1160 (5th Cir. 1981).

4. The jurisdictional question was left unresolved by *Ray v. Freeman*, 626 F.2d 439, 442 (5th Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 1701, 68 L.Ed.2d 198 (1981), where the rejected retaliation claim was not appealed and so was not among the post-complaint claims that the Court disallowed.

5. *Pettway* I was consolidated with four other cases on appeal under the name *Dent v. St. Louis—San Francisco Railway Company*, 406 F.2d 399 (5th Cir. 1969).

gestion by the lower courts of this circuit, we hold that it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court.

There are strong practical reasons and policy justifications for this conclusion. It is the nature of retaliation claims that they arise after the filing of the EEOC charge. Requiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case—a double filing that would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII. *See Held v. Missouri Pacific Railroad Co.*, 373 F.Supp. at 1001, and *National Organization for Women v. Sperry Rand Corp.*, 457 F.Supp. 1338, 1344 (D.Conn.1978). We are reluctant to erect a needless procedural barrier to the private claimant under Title VII, especially since the EEOC relies largely upon the private lawsuit to obtain the goals of Title VII. *National Organization for Women v. Sperry Rand Corp.*, 457 F.Supp. at 1344; *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460–61 n. 1 (5th Cir. 1970). Intertwined with this practical reason for our holding is a strong policy justification. Eliminating this needless procedural barrier will deter employers from attempting to discourage employees from exercising their rights under Title VII. *National Organization for Women v. Sperry Rand Corp.*, 457 F.Supp. at 1344.

■ Having found that the district court had ancillary jurisdiction over Gupta's retaliatory-discharge claim, we turn now to the question whether that court erred in ruling against Gupta on the merits of his claims. We find that the court did not so err and that its ruling should be affirmed.

■ The trial court's findings of fact will not be set aside unless, after due regard is given to the opportunity of the trial court to judge the credibility of the witnesses, the findings are found to be clearly

erroneous. Rule 52(a), F.R.Civ.P. A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Rohde v. K. O. Steel Castings, Inc.*, 649 F.2d 317 (5th Cir., June 30, 1981), at p. 320 n. 1. The appellant carries the burden of establishing that the district court's findings of fact are clearly erroneous. *Noritake Co., Inc. v. M/V Hellenic Champion*, 627 F.2d 724, 727 (5th Cir. 1980). Although bound by findings of subsidiary fact that are not themselves clearly erroneous, an appellate court must independently determine whether there are requisite subsidiary facts to undergird an ultimate finding of discrimination or nondiscrimination. *Rohde v. K. O. Steel Castings, Inc., supra*, at p. 320 n. 1.

■ Gupta has utterly failed to convince us that the district court clearly erred in any of its subsidiary findings or that its ultimate findings of nondiscrimination were incorrect with respect to any of Gupta's claims—retaliatory discharge, disparity in salary or working conditions, and denial of summer employment. The basic allocation of burdens and order of presentation of proof in a disparate-treatment suit under Title VII were outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and recently explained in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *See also Whatley v. Metropolitan Atlanta Rapid Transit Authority*, 632 F.2d 1325, 1328 (5th Cir. 1980) (*McDonnell Douglas* analysis applies to retaliation claims). Once the complainant has established a prima facie case of discrimination, the burden shifts to the employer to produce evidence of some legitimate, nondiscriminatory reason for the employee's rejection or discharge. *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093. Always retaining the burden of persuasion, the employee then has the opportunity to show that the reasons proferred by the employer are merely pretextual. *Id.*, 450 U.S. at 253, 101 S.Ct. at 1093. At trial, the

defendant produced ample evidence of legitimate, nondiscriminatory reasons for each challenged action. The district judge's subsidiary factual determinations are not clearly erroneous, and we cannot perceive any error in the court's ultimate determinations of nondiscrimination.

Finally, Gupta complains of the manner in which the trial court set forth its findings of fact and conclusions of law. He would require the district court to set out its findings in accordance with the order and allocation of proof delineated in *McDonnell Douglas*, and to set out its subsidiary findings of fact with more particularity.

We note at the outset that, although *McDonnell Douglas* provides the applicable legal analysis for a disparate-treatment suit, it does not dictate a format for the district court's findings. *See Merriweather v. Hercules, Inc.*, 631 F.2d 1161, 1165–1166 (5th Cir. 1980), *rehearing en banc denied*, 636 F.2d 314 (5th Cir. 1981). It need only be clear that the trial judge adhered to the correct legal principles. *Id.* We do agree, however, that the district court's findings of fact and conclusions of law are rather abbreviated and cursory. Certainly, it would have been helpful and appropriate for the judge below to have made more particular findings and to refer in its opinion to the applicable legal analysis. The requirement that the trial court "find the facts specially and state separately its conclusions of law thereon," Rule 52(a), F.R.Civ.P., has a twofold purpose: (1) to engender care on the part of the trial judge in ascertaining the facts and (2) to make possible meaningful review in the appellate courts. *Ramirez v. Hofheinz*, 619 F.2d 442, 445 (5th Cir. 1980). Scanty findings and conclusions such as those in the instant case are not advisable and, in another case, might well require a reversal and remand. In this instance, however, the failure to meet the technical requirements of Rule 52(a) is not fatal because the purposes behind the rule have been effectuated. *Id.* *See Ginsberg v. Royal Ins. Co.*, 179 F.2d 152, 153 (5th Cir. 1950). After reading the rec-

ord, we are able to discern that the trial judge did not clearly err in making her findings and did not apply erroneous principles of law in reaching her conclusions. AFFIRMED.