Harold B. GOZA, Plaintiff,

v.

William F. BOLGER, et al., Defendants.

Civ. A. No. C81-2255A.

United States District Court,
N. D. Georgia,
Atlanta Division.

May 11, 1982.

---

David R. Sweat, Nelson & Sweat, Athens, Ga., for plaintiff.

Jere W. Morehead, Asst. U. S. Atty., Atlanta, Ga., for defendants.

## ORDER

SHOOB, District Judge.

Plaintiff brought this action on December 3, 1981, pursuant to 42 U.S.C. § 2000e–16 (Title VII of the 1964 Civil Rights Act) (the Act), 29 U.S.C. § 633a (Age Discrimination in Employment Act) and 29 U.S.C. § 216 (Fair Labor Standards Act), alleging that he was denied a promotion in the United States Postal Service because of his race

and age. On February 22, 1982, plaintiff moved for a temporary restraining order (TRO) to restrain defendants from discharging him from his position as a Postal Police Officer. On that date, the Court orally denied plaintiff's motion for a TRO because he had failed to show a substantial likelihood of success on the merits; the Court also found that plaintiff had an adequate remedy at law. *See* Order of February 25, 1982.

Presently before the Court is plaintiff's motion for leave to amend his complaint. The proposed amendment alleges that plaintiff was discharged from his position as a Postal Police Officer on February 22, 1982 in retaliation for filing the employment discrimination complaint which gave rise to this action. Defendants assert that leave to amend should be denied because this Court lacks subject matter jurisdiction over plaintiff's claim of retaliation since he has not exhausted his administrative remedies on this claim.

The timely filing of an administrative complaint and exhaustion of administrative remedies are generally prerequisites to bringing suit under Title VII. *Brown v. General Services Administration,* 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976); *Ray v. Freeman,* 626 F.2d 439, 442 (5th Cir. 1980).[1] However, contrary to defendants' argument, these procedural requirements do not involve the Court's subject matter jurisdiction. *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 589 (5th Cir. 1981) (en banc); *Citicorp Person-To-Person Financial Corp. v. Brazell,* 658 F.2d 232, 234 (4th Cir. 1981).

In the recent case of *Gupta v. East Texas State University,* 654 F.2d 411, 414 (5th Cir. 1981) the court held that

it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim

---

1. The Eleventh Circuit, in the en banc decision of *Bonner v. Prichard,* 661 F.2d 1206 (11th Cir. 1981) adopted as precedent the decisions of the former Fifth Circuit.

when it grows out of an administrative charge that is properly before the court.[2]

In this case, the Court must decide an issue of first impression, whether the *Gupta* rule applies to a Title VII action brought by a Federal employee. Accordingly, it is necessary to review *Gupta* and related cases in some detail.

In *Gupta*, plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission (EEOC) on July 9, 1975 alleging discrimination in job assignments and pay rates because of his national origin and religion. *Id.* at 412–13. The EEOC issued its right to sue letter in February of 1976. *Id.* at 413. During that month plaintiff filed a second complaint with the EEOC asserting various acts of retaliation by defendant because of the filing of his first EEOC complaint. *Id.* In March of 1976 plaintiff filed his action in the district court. *Id.* Subsequently, in May of 1976 the EEOC issued its right to sue letter on plaintiff's second complaint. *Id.* After the filing of his action, plaintiff's teaching contract with defendant was not renewed for the following academic year. *Id.* Although plaintiff did not file an EEOC complaint regarding his dismissal, plaintiff's claim of retaliatory discharge was litigated before the district court. *Id.*

The Court of Appeals in *Gupta* noted that several district courts in the Fifth Circuit had interpreted *Pettway v. American Cast Iron Pipe Company*, 411 F.2d 998 (5th Cir.), *rehearing and rehearing en banc denied*, 415 F.2d 1376 (5th Cir. 1969) (Pettway II) as eliminating the exhaustion requirement for retaliation claims; these courts found ancillary jurisdiction over such claims. *Id.* See

*e.g., Pouncy v. Prudential Insurance Company of America*, 499 F.Supp. 427, 435 (S.D. Tex.1980); *Thomas v. Southdown Sugars, Inc.*, 484 F.Supp. 1317, 1320 (E.D.La.1980); *Held v. Missouri Pacific Railroad Company*, 373 F.Supp. 996, 1000–02 (S.D.Tex.1974).

The court in *Gupta* offered several reasons for its decision to establish an exception to the exhaustion of remedies requirement. First, it found "strong practical reasons and policy justifications for its conclusion." 654 F.2d at 414. It reasoned that since retaliation claims by their nature arise out of an EEOC complaint, to require a second administrative filing "would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII." *Id.* The court also felt "reluctant to erect a needless procedural barrier to the private claimant under Title VII, especially since the EEOC relies largely on private actions to achieve the goals of the Act." *Id.* Additionally, the availability of ancillary jurisdiction over retaliation claims will deter employers from trying to discourage employees from exercising their rights under the Act. *Id.*[3]

In this case, plaintiff filed an Equal Employment Opportunity (EEO) complaint with the Postal Service on December 29, 1979, alleging discrimination against him in a denial of a promotion to Security Supervisor because of his race. On July 15, 1981, the EEOC held a hearing on plaintiff's complaint. Plaintiff filed this action on December 3, 1981, according to plaintiff, within thirty days of receipt of a notice of final decision from the EEOC on his charges of discrimination. Plaintiff's Complaint at ¶ 13.

**2.** This Court has already applied the *Gupta* rule. *See Clowney v. Turner Broadcasting Systems, Inc.*, No. C81–643A (N.D.Ga., Nov. 17, 1981) (order adding Cable News Network, Inc. (CNN) as a party defendant).

**3.** To this Court's knowledge to this date, the following reported decisions discussed or relied on the *Gupta* rule: *De Anda v. St. Joseph Hospital*, 671 F.2d 850 (5th Cir. 1982) (remand to the district court in light of, inter alia, *Gupta*); *Page v. U. S. Industries, Inc.*, 28 E.P.D. P. 32, 464 (S.D.Tex.1982) (the court on its own

motion reconsidered its prior dismissal of plaintiff's retaliation claim in light of *Gupta*); *Wajda v. Penn Mutual Life Insurance Co.*, 528 F.Supp. 548 (E.D.Pa.1981) (followed the *Gupta* rule); *Bickley v. University of Maryland*, 527 F.Supp. 174 (Md.1981) (held that the exhaustion provisions of Title VII do not support the *Gupta* rule). Of course, whether this Court agrees or not with *Bickley*'s analysis is irrelevant since *Gupta* is binding precedent in this Circuit. *See* n.1, *supra.* Nevertheless, this Court finds the court's reasoning in *Gupta* very persuasive.

On February 1, 1982, the Postal Service notified plaintiff of his forthcoming discharge, effective on February 22, 1982, from his position as Postal Police Officer. On that date, plaintiff filed an "Expedited Reprisal Complaint" with the Postal Service, pursuant to 29 C.F.R. § 1613.262(b).[4] On February 12, 1982, the Postal Service answered plaintiff's complaint finding no reprisal with respect to his proposed removal from the Postal Service. On February 22, 1982, plaintiff was discharged from the Postal Service and on April 15, 1982, he moved to amend his complaint in this Court to assert his retaliatory discharge claim.

■ Defendants contend that the recent Fifth Circuit decision in *Porter v. Adams*, 639 F.2d 273, 276 (5th Cir. 1981) bars plaintiff from asserting his reprisal claim in this action. In *Porter* the court held that the "filing of a charge of reprisal under 5 C.F.R. §§ 713.201–.283 (1978) does not provide a route to judicial review."[5] *Id.* at 277. For the reasons discussed below, the Court concludes that *Gutpa*, as opposed to *Porter*, controls this action. Therefore, plaintiff may assert his retaliation claim

without exhaustion of administrative remedies.

In *Porter*, plaintiff filed her first EEO complaint with the Coast Guard in June of 1977, alleging that her supervisor had discriminated against her because of her race. *Id.* at 274. In September of 1977 plaintiff filed a charge of reprisal with the Coast Guard, because of actions taken by her supervisor allegedly in response to the filing of her EEO complaint. *Id.* Plaintiff withdrew her EEO complaint, filed in June of 1977, after administrative proceedings resulted in a settlement. *Id.* at 275. Nevertheless, the Coast Guard's Office of Civil Rights investigated her reprisal charge and determined that it had merit and recommended remedial action. *Id.* In June of 1978 and July of 1979, plaintiff filed her second and third EEO complaints, charging new instances of discrimination. *Id.*

In November of 1978 plaintiff in *Porter* filed her civil action. Therein, she raised substantially all her allegations of discrimination contained in the September of 1977 charge of reprisal and in her second and

4. A Federal employee may raise a claim of reprisal for filing an EEO complaint either by (1) filing a new EEO complaint or (2) filing an Expedited Reprisal Complaint under 29 C.F.R. § 1613.262(b). This regulation reads as follows:

(1) An employee or applicant may file a charge of restraint, interference, coercion, discrimination, or reprisal, in connection with the presentation of a complaint with an appropriate agency official as defined in § 1613.214(a)(2) within 15 calendar days of the date of the alleged occurrence. The charge shall be in writing and shall contain all pertinent facts. Except as provided in paragraph (b)(2) of this section, the agency shall undertake an appropriate inquiry into such a charge and shall forward to the Commission within 15 calendar days of the date of its receipt a copy of the charge and report of action taken. The agency shall also provide the charging party with a copy of the report of action taken. When the agency has not completed an appropriate inquiry 15 calendar days after receipt of such a charge, the charging party may submit a written statement with all pertinent facts to the Commission, and the Commission shall require the agency to take whatever action is appropriate.

(2) When a complainant, after completion of the investigation of his complaint under § 1613.216, requests a hearing and in connection with that complaint alleges restraint, interference, coercion, discrimination, or reprisal, the complaints examiner assigned to hold the hearing shall consider the allegation as an issue in the complaint at hand or refer the matter to the agency for further processing under the procedure chosen by the complainant pursuant to paragraph (a) of this section.

5. These rules were originally codified at 5 C.F.R. §§ 713.201–.283 (1978). Reorganization Plan No. 1 of 1978, 43 Fed.Reg. 19, 807, 92 Stat. 3781, prepared and promulgated by President Carter under 5 U.S.C. §§ 901–912, consolidated all Federal equal employment opportunity activities in one agency, the EEOC. The plan transferred to the EEOC all enforcement and related functions formerly vested in the Civil Service Commission under § 717 of Title VII, 42 U.S.C. § 2000e–16. Therefore, the rules and regulations were recodified, without any important changes, at 29 C.F.R. §§ 1613.201–.283 (1980). The court in *Porter* chose to cite the old regulations because virtually all the administrative procedures in the case were undertaken under them. 639 F.2d at 275 n.3.

third EEO complaints. At the time plaintiff's action came to trial, and apparently even up to the time of the Court of Appeals' decision, plaintiff's second and third EEO complaints were "running the course of administrative proceedings." *Id.* After a trial before a magistrate, the district court dismissed plaintiff's complaint. *Id.* The trial court held that plaintiff had failed to exhaust her administrative remedies insofar as the action involved claims that were the subject of her then pending second and third EEO complaints. *Id.* Those claims which were included in plaintiff's first EEO complaint were barred by the administrative settlement. *Id.* The district court remanded plaintiff's remaining claim, the reprisal charge, to the agency for consideration along with her two pending EEO complaints. *Id.*

The trial court in *Porter* felt that plaintiff's "claims were all inextricably intertwined and postponement of the reprisal claim was preferable to piecemeal judicial review." *Id.* Against this background, plaintiff argued unsuccessfully on appeal that the district court erred in dismissing her September of 1977 charge of reprisal. *Id.* at 276–77. As already noted, the Court of Appeals ruled that this charge of reprisal was not judicially reviewable. *Id.* at 277. Therefore, it affirmed the district court's dismissal of plaintiff's complaint.

From this review it becomes clear that *Porter* does not control this action. In *Porter* the only claims before the trial court were those included in plaintiff's charge of reprisal. Thus, undoubtedly the trial court could not assert ancillary jurisdiction to hear the reprisal charge if it could not hear plaintiff's other discrimination charges. Here, conversely, the Court does have jurisdiction over plaintiff EEO's complaint; thus, it can exercise ancillary jurisdiction over his charge of retaliatory discharge. However, the analysis does not end here.

Defendants contend that notwithstanding *Gupta*, this Court is bound by *Porter's* ex-

press ruling that a charge of reprisal, such as the one filed by plaintiff with the Postal Service, is not reviewable in this Court. In this respect, it is significant to note the following statement in *Porter*:

> Of course if the employee who files a charge of reprisal rather than a complaint is not satisfied with the results of that procedure, he may still file an EEO complaint that could *ultimately* culminate in a civil action.

(Emphasis added.) 639 F.2d at 277. This language indicates that plaintiff's charge of reprisal could only "ultimately" reach this Court. To this extent *Porter* seems to be in direct conflict with *Gupta*. However, due to the previously discussed fact that plaintiff in *Porter* did not have before the trial court other ripe discrimination claims, this Court finds *Porter* and *Gupta* reconcilable.

Furthermore, to the extent that *Porter* and *Gupta* are in conflict, the Court must follow *Gupta*, which was decided some five months after *Porter*.[6] The rule set out in *Gupta* was stated in general terms and does not contain any limitations which would bar its application in this action. The Court understands that the EEO procedures available to Federal employees are different from those available to private sector employees, as well as the fact that *Gupta* and its precedents did not involve Title VII actions against the Government. Nonetheless, the *Gupta* analysis and its rationale apply with equal force to the Federal Government. Federal agencies as well as private employers should not be allowed to attempt "to discourage employees from exercising their rights under Title VII." 654 F.2d at 414.

■ Defendants' argument that *Gupta* applies only to private sector Title VII claimants because the United States cannot be made a party to any action absent its express consent is without merit. In *Parks v. Dunlop*, 517 F.2d 785, 787 (5th Cir. 1975); *accord Douglas v. Hampton*, 512 F.2d 976

---

**6.** *Porter* was decided on March 13, 1981 and *Gupta* on August 28, 1981.

(D.C.Cir.1975), the Fifth Circuit held, although in a slightly different context,[7] that

> [t]he intent of Congress in enacting the 1972 amendments to [Title VII] extending its coverage to federal employment was to give those public employees the same rights as private employees enjoy. Therefore, our holding in *Drew v. Liberty Mutual Ins. Co.*, 480 F.2d 69 (5th Cir. 1972) that exhaustion of administrative remedies is not required *applies with equal force to federal employees seeking relief under Title VII.*

(Emphasis added.) Accordingly, if a private employee in some instances can raise a retaliation claim without exhausting administrative remedies, in those instances a Federal employee is likewise entitled to raise such claim without exhausting his administrative remedies.[8]

For the foregoing reasons, plaintiff's motion for leave to amend his complaint to raise his retaliatory discharge claim is hereby GRANTED.

---

**7.** In *Parks* the court held that exhaustion of remedies was not required in an action by a Federal employee to obtain injunctive relief under Title VII since such relief was available to a private employee without exhaustion of remedies. 517 F.2d at 787.

**8.** *Milam v. United States Postal Service*, 674 F.2d 860 at 862 (11th Cir. 1982) (Title VII suit against the Postal Service) provides further support to this Court's conclusion. There, the court held that prior rulings in other circuits holding that Rule 6(a)'s, Fed.R.Civ.P., provision for the computation of time periods applied to Title VII suits against private parties was equally applicable to a Title VII suit against the United States. The court held that the reasoning behind the rule was "persuasive and equally applicable to suits" against the Federal Government. *Id.*