Bertha WARD, Plaintiff,

v.

State of FLORIDA, Department of Juvenile Justice, Defendants.

No. 4:01CV478–WCS.

United States District Court, N.D. Florida. Tallahassee Division.

July 12, 2002.

Gary Lee Printy, Gary L Printy PA, Tallahassee, FL, Marie A Mattox, Mattox & Hood PA, Tallahassee, FL, for Bertha Ward, plaintiff.

Robert Jacob Sniffen, Vickie Allene Gomez, Moyle Flanigan Katz Etc, Tallahassee, FL, for Department of Juvenile Justice, defendant.

## ORDER ON THIRD MOTION FOR SUMMARY JUDGMENT

SHERRILL, United States Magistrate Judge.

This case is before me for all further proceedings upon consent of the parties and referral by the district judge. Defendant has filed a third motion for partial summary judgment, arguing that some of the claims are not actionable either because untimely or beyond the scope of the charge of discrimination. Docs. 118, 119, (memorandum), and 120 (statement of material facts). Plaintiff has chosen to file no response. Doc. 133.

## I. Legal standards governing a motion for summary judgment

On a motion for summary judgment Defendant initially has the burden to demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corporation v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If Defendant does so, the burden shifts to the Plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.* Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. *Anderson v. Liberty Lobby,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). However, "the evidence and inferences drawn from the evidence are viewed in the light most favorable to the nonmoving party, and all reasonable doubts are resolved in his favor." *WSB–TV v. Lee,* 842 F.2d 1266, 1270 (11th Cir.1988).

Local Rule 56.1(A) provides that a motion for summary judgment "shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement constitutes grounds for denial of the motion." The Local Rule also provides that the statement "shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied upon material fact, by page, paragraph, number, or other detail sufficient to permit the

court to readily locate and check the source." The Local Rule provides that the party opposing the motion shall serve a similar statement of material facts as to which the party contends there is a genuine issue to be tried, using the same format. Finally, the Local Rule provides that the movant's properly filed statement of undisputed facts will be deemed to be admitted unless controverted by the opposing party in the manner specified by the Rule. *See Jones v. Gerwens,* 874 F.2d 1534, 1537 n. 3 (11th Cir.1989) (determining that plaintiff's failure to controvert defendants' statement of undisputed facts filed in compliance with a similar local rule of the Southern District of Florida constituted an admission that such facts were not disputed for summary judgment purposes.)

## II. Allegations of the complaint, doc. 1

Plaintiff alleges that due to her gender, female, and her race, Black, she was denied promotion to the position of Juvenile Probation Office (JPO) Supervisor on August 6, 1999, and on several unspecified times prior to that. Doc. 1, counts one and two. Plaintiff also alleges that she was not promoted on August 6, 1999, in retaliation for her union activities, and was terminated both due to her union activities and due to her complaint of discrimination described in counts one and two. *Id.,* count three.

## III. Undisputed facts (doc. 120)

Plaintiff filed her charge of discrimination with the FCHR on October 7, 1999. Doc. 120, charge of discrimination. The charge was transmitted to the EEOC pursuant to the work sharing agreement between the two agencies on January 5, 2000, with the understanding that the FCHR would investigate the charge.[1] *Id.*

In her charge, Plaintiff asserted discrimination due to race, gender, and retaliation. In the section for particulars concerning the claims, Plaintiff identified the denial of the August 6, 1999, promotion as an adverse employment action. *Id.* Plaintiff also said that this was not the only position "sought over the past few years," and she claimed racial and gender discrimination, and retaliation, as motivating the denial of promotion to those positions. At another point, she said that she and other Black employees had been passed over for promotion to similar positions "over the past year." *Id.* Plaintiff identified her "role with the Union and her reports of discrimination within Defendant" as the sources of the acts of retaliation, that is, failure to promote and "other adverse actions." *Id.*

Plaintiff contends that racial and gender discrimination caused her not to be promoted into two of the JPO Supervisor positions, one into which Julia Strange was promoted on December 30, 1994, and one into which Vicki Cunniff was promoted on August 2, 1996. Doc. 120, deposition of Plaintiff, p. 160.[2] Strange and Cunniff in fact were so promoted on those dates. Doc. 120, selection documents, pp. 1 and 7. In her deposition, Plaintiff recalled that she was not promoted to these positions, but Strange and Cunniff were. Doc. 120, deposition of Plaintiff, p. 160.

Plaintiff also has identified two other promotional events occurring after she

---

1. This order will refer to this as the EEOC charge even though the FCHR was the agency with the responsibility to conduct the investigation.

2. The documents were to have been tabbed A through I, but the tabs were not affixed on document 120 as filed.

filed her charge of discrimination, and she considers these to be bases of additional claims. The first is the promotion of Lisa Sherry on March 3, 2000, to the JPO Supervisor position, and the second is the promotion of Thomas Dunne to the position of Systems Management Analyst II Position on August 1, 2001. Doc. 120, p. 3, ¶¶ 4 and 5; deposition of Plaintiff, pp. 183–184.

On May 17, 2001, Plaintiff requested that her charge be withdrawn from the FCHR and that the EEOC issue her a right to sue letter. Doc. 120, p. 4. The EEOC issued a right to sue letter on August 7, 2001, and terminated the investigation a day later. *Id.* Plaintiff was terminated from employment by Defendant on September 14, 2001. Doc. 112, p. 3, ¶ 1.

In discovery, Defendant has learned that Plaintiff asserts that the acts of retaliation by Defendant were motivated by the fact that she had engaged in a number of protected activities. Defendant's evidence has not been challenged by Plaintiff, and is without dispute. Those issues are discussed at the end of this order.

## IV. Legal analysis

### A. Untimeliness

Defendant contends that the court should dismiss claims concerning the promotions of Julia Strange on December 30, 1994, and Vicki Cunniff on August 2, 1996. It is argued that claims as to those adverse employment decisions are untimely because those decisions occurred more than 300 days before Plaintiff filed her charge of discrimination.

■ "Timely filing a charge of discrimination is a prerequisite to bringing suit under both Title VII and the ADA." *May-*

*nard v. Pneumatic Products Corp.*, 256 F.3d 1259, 1262 (11th Cir.2001) (citations omitted). "Title VII requires aggrieved persons to file a complaint with the EEOC 'within one hundred and eighty days after the alleged unlawful employment practice occurred.'" *Delaware State College v. Ricks*, 449 U.S. 250, 256, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980), *quoting* 42 U.S.C. § 2000e–5(e). Since Florida is a deferral state with a state agency capable of affording relief, that is, the Florida Commission on Human Relations, the period for filing a charge of employment discrimination with the EEOC can be 300 days. The extended period, however, is available only if "the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice ...." 42 U.S.C. § 2000e–5(e). *Thomas v. Florida Power and Light Co.*, 764 F.2d 768, 769 (11th Cir.1985). *See Maynard*, 256 F.3d at 1263 ("Thus, in deferral states, either a complainant must file with the state agency by the 240th day after the discriminatory act, or the state agency must terminate proceedings by the 300th day on a charge filed after the 240th day."). Plaintiff filed her charge with both agencies, and therefore she is afforded the extended 300 day period.

■ The time for filing a charge of discrimination with regard to a denied promotion usually begins to run from the date of the promotion since an employee usually knows that he or she has been passed over for promotion when the promotion occurs. "This limitations period begins to run from the time that the complainant knows or reasonably should know that the challenged act has occurred." *McWilliams v. Escambia County School Board*, 658 F.2d 326, 328 (5th Cir. Unit B 1981).

■ A charge filed after the period has run is untimely and cannot be the basis of a suit. *Roberts v. Gadsden Memorial Hosp.*, 835 F.2d 793, 799 (11th Cir. 1988) (promotion in 1978 was not actionable where claimant knew of the claim and waited three years to file a charge, when denied a second promotion).[3] One exception is if the past discrimination is a part of a continuing violation. *Id.*, 835 F.2d at 800. "When an employee files a timely charge for a discriminatory act, he may recover for previous acts of discrimination which would otherwise be time-barred to the extent that he can meet his burden of proving the existence of a substantial nexus between the acts." *Id.* One of the factors is whether the past act "was sufficiently permanent in nature so as to 'trigger an employee's awareness of and duty to assert his or her rights.'" *Id.* (citations omitted).

■ The first two promotions were sufficiently permanent to trigger Plaintiff's awareness of, and duty to assert, her rights. Plaintiff knew that Strange and Cunniff were promoted on the dates those promotions took place. Plaintiff has come forward with no evidence to show that she could not have filed an EEOC or FCHR charge about those promotions shortly after they took place. Nor has she made a case for a continuing violation. The alleged discriminatory events took place more than 300 days from the date on which Plaintiff filed her charge. Plaintiff's charge, therefore, was untimely as to those promotions. Consequently, the motion for partial summary judgment will be granted as to any claim concerning the promotion of Julia Strange to JPO Supervisor on December 30, 1994, and the promotion of Vicki Cunniff to the same kind of position on August 2, 1996.

**B. The scope of the charge**

Defendant contends that certain claims are not within the scope of the EEOC charge and not actionable because the events occurred after the charge of discrimination was filed. In this category are claims concerning: (1) the promotions of Lisa Sherry on March 3, 2000, to the JPO Supervisor position, and Thomas Dunne to the position of Systems Management Analyst II Position on August 1, 2001; (2) the claim of retaliatory discharge on September 14, 2001; and (3) allegations of retaliation for engaging in protected conduct other than union activity or involvement with the Secretary's Forum. Docs. 118, pp. 8–13, and 119, pp. 9–14.

■ "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Mulhall v. Advance Sec. Inc.*, 19 F.3d 586, 589 n. 8 (11th Cir.), *cert. denied*, 513 U.S. 919, 115 S.Ct. 298, 130 L.Ed.2d 212 (1994), citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir.1970). However, "the scope of the EEOC complaint should not be strictly interpreted." *Sanchez*, 431 F.2d at 465, quoting *Baxter v. Savannah Sugar Refining Corp.*, 46 F.R.D. 56, 59 (S.D.Ga.1968). "[T]he specific words of the charge of discrimination need not presage with literary exactitude the judicial pleadings which may follow." *Id.* "The suit may include allegations of discrimination *reasonably related* to the

---

**3.** Likewise, *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681 (7th Cir.2000), held that "[o]nly a failure to promote within the preceding 300 days could have been within the scope of the charge ...." 224 F.3d at 683.

allegations listed in the administrative charge, including new acts occurring during the pendency of the administrative charge." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir.1997) (emphasis added); *Turner v. Orr*, 804 F.2d 1223, 1226–27 (11th Cir.1986).

*Mulhall* ultimately held that a claim of unequal pay is not the equivalent of a claim alleging a failure to promote, and therefore a claim of failure to promote was not within the scope of a charge alleging only unequal pay. 19 F.3d at 589 n. 8. *Accord Chambers v. American Trans Air Inc.*, 17 F.3d 998, (7th Cir.), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 512, 130 L.Ed.2d 419 (1994) (failure to promote claim is outside the scope of an equal pay claim).

In *Turner v. Orr*, the court applied Title VII law to a claim of discrimination arising under a Title VII consent decree. 804 F.2d at 1226. In that case, the claimant had filed a claim, under the consent decree, on February 24, 1981, alleging racial discrimination in the denial of a promotions. 804 F.2d at 1225. He thereafter sought to litigate the denial of a promotion a year later, on March 21, 1982. 804 F.2d at 1224. The court held that the denial of this subsequent promotional opportunity was within the scope of the original claim, even though arising after the claim had been filed. 804 F.2d at 1226–27. Cited for this were a number of cases, including *Gupta v. East Texas State University*, 654 F.2d 411 (5th Cir.1981).[4] *Id.*

In *Gupta*, the claimant filed two EEOC charges of discrimination, the first concerning summer employment, salary, and medical leave, and the second alleging retaliation by ignoring his correspondence about grievances, denying summer employment, and denying applications for grants. 654 F.2d at 412–413. He then brought suit after receiving his right to sue letter. *Id.*, 654 F.2d at 413. After the claimant filed suit, that is, presumptively after the plaintiff had received his right to sue letter and the EEOC had terminated its investigation, he was notified that he would not be rehired for the following year. He sought to include a claim for retaliatory discharge in his judicial suit. *Id.* The court found this to be permissible, holding that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of any earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court."[5] *Id.*, 654 F.2d at 414.

In *Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 167–69 (11th Cir.1988), four months after the suit was filed, the plaintiff filed a motion for a preliminary injunction seeking to enjoin alleged retaliatory actions. She had not filed an amended EEOC claim to add these charges. The court applied *Gupta*, however, and held that the claim could proceed. The court

---

**4.** The Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981, and of Unit B of the former Fifth Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982).

**5.** The rule is different, however, when the alleged retaliatory discharge occurred before the EEOC charge was filed. In that case,

there is no reason that the claimant could not have included the claim of retaliatory discharge to the original charge. *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 544–45 and n. 2 (7th Cir.1988) (charge of retaliatory discharge did not fall within scope of charge filed with EEOC of age discrimination, and distinguishing *Gupta*), *cert. denied*, 491 U.S. 907, 109 S.Ct. 3191, 105 L.Ed.2d 699 (1989).

said: "Because the claim of retaliation could reasonably be expected to grow out of the original charge of discrimination, the district court had jurisdiction over the motion for injunctive relief." 856 F.2d at 169. This statement may have been expressing this principle of law hypothetically, however, because it is unclear when the alleged retaliatory action took place. The fact that the Plaintiff was seeking emergency relief by means of a motion for a preliminary injunction four months into the suit gives rise to an inference that the alleged retaliatory action took place after the claimant had received her right to sue letter and the EEOC had terminated its investigation, just as in *Gupta.*

Defendant relies upon *Buzzi v. Gomez,* 62 F.Supp.2d 1344 (S.D.Fla.1999) and *Ray v. Freeman,* 626 F.2d 439, 442 (5th Cir. 1980) for the argument that denial of promotions occurring after the filing of the charge of discrimination are "discrete" acts not within the scope of the original charge. While both cases reach that result, they appear to do so because the original claims in the EEOC charge were so different from the new claims of denial of promotion, which arose later. *Buzzi* summarized the law as follows:

> When the allegations in the federal action involve conduct committed subsequent to the filing of an EEOC charge, it is reasonably related to the charged conduct where: (1) the subsequent conduct would fall within the reasonably expected scope of the EEOC investigation of the administrative charges; (2) the claim is one alleging retaliation against the employee for filing an EEOC charge; or (3) the plaintiff alleges "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Butts v.*

*City of N.Y. Dep't of Hous. Preservation & Dev.,* 990 F.2d 1397, 1401 (2d Cir. 1993) (citation omitted). However, "[a]llegations of new acts of discrimination, offered as the essential basis for the requested judicial review, are not appropriate." *Ray,* 626 F.2d at 443 (emphasis added).

*Buzzi v. Gomez,* 62 F.Supp.2d 1344, 1352 (S.D.Fla.1999).

It is difficult to discern the ruling of the *Ray* case, however. The court there did not clearly identify the "discrete acts" of discrimination which had occurred after plaintiff had filed her amended EEOC charge (on February 20, 1974), and upon which plaintiff later made judicial claims. Plaintiff had identified the hiring of several males occurring prior to the date of the filing of her amended charge, and the court mentioned those events. But as to "discrete acts" alleged to have occurred after February 20, 1974, the court only stated: "Her petition claims that [1] discriminatory hiring practices continued until she was hired [on February 17, 1976], and that [2] the TVA's failure to hire her was part of its retaliation for her husband's formal resistance to his termination [which had to have occurred *prior* to February 20, 1974, because it was so alleged as a claim in the amended EEOC charge filed that date]." 626 F.2d at 441. The "discriminatory hiring practices" are not further described, but they must have been significantly different from the claims in the EEOC charge since the actual holding of *Ray,* after discussing *Sanchez,* was as recited by *Buzzi:* "Allegations of new acts of discrimination, offered as the *essential basis* for the requested judicial review, are not appropriate." 626 F.2d at 443 (emphasis added).

With regard to claims of retaliation occurring after an EEOC charge has been

filed, the Third Circuit has noted that there is an "array of seemingly contrary authority," citing among other cases, *Gupta* and *Baker. Robinson v. Dalton,* 107 F.3d 1018, 1024 (3d Cir.1997). A number of circuits follow the rule adopted in the *Gupta* case, however. *See cases collected in McKenzie v. Illinois Dept. of Transp.,* 92 F.3d 473, 482 (7th Cir.1996).

■ Applying these principles to this case, the motion for partial summary judgment is denied as to the two promotional opportunities which arose after the EEOC charge was filed. The promotion on August 6, 1999, was to the same position as the promotion of Lisa Sherry, and Defendant has not come forward with evidence to show that the promotional opportunity to the position of Systems Management Analyst II Position, awarded on August 1, 2001, to Thomas Dunne, was so unlike the others as to not be fairly within "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Mulhall,* supra. Nor can it be said that consideration of these two promotions would change the "essential basis" of Plaintiff's claims. *Ray,* supra. Plaintiff had alleged in her EEOC charge that she was passed over for promotions due to her gender, race, and in retaliation for union activities, and the investigation into the one claim of denial of promotion could reasonably have been expected to include investigation into the denial of subsequent promotions.

In reaching this conclusion, Defendant's argument that Plaintiff had effectively ended the ability of the EEOC to investigate this last promotional claim (Thomas Dunne) has been considered. On May 17, 2001, Plaintiff asked the EEOC and the FCHR to end the investigation of her claims. This was several months before Dunne was promoted. The EEOC investigation, however, did not end officially until August 8, 2001. Thus, the August 1, 2001, promotion of Dunne could have been within the scope of the investigation of the FCHR as that investigation was still officially open on that date.

■ Likewise, by authority of *Gupta,* Plaintiff is entitled to litigate a claim of retaliatory discharge occurring on September 14, 2001. As in *Gupta,* the discharge occurred after the filing of the EEOC charge and after the EEOC had closed its investigation on the charge. A meaningful distinction between this case and *Gupta* cannot be discerned.

The last issue concerns the alleged causes of retaliation other than the alleged retaliatory discharge. In the EEOC charge, Plaintiff alleged that her "role with the Union *and her reports of discrimination within Defendant"* were the causes of retaliation by Defendant. (Emphasis added.) Accordingly, the EEOC investigation would reasonably have looked into only those two issues, union activity and reports of discrimination.

In discovery, Plaintiff asserts that she suffered retaliation because she had engaged in the following activities: (1) serving as a representative to the Secretary's Forum; (2) filing a charge of discrimination; (3) filing charges of discrimination in 1984, 1987, and 1989; (4) filing two Union grievances on her own behalf; (5) involvement in a Focus Group, which served as representatives to the Secretary's Forum; (6) giving testimony in a deposition on behalf of another employee of Defendant; (7) filing the EEOC charge on October 7, 1999; and (8) participating in an Inspector General's investigation (apparently as to matters leading to her termination). Doc.

120, p. 8. There is no genuine dispute of fact as to this.

Defendant admits that Plaintiff raised a claim of racial discrimination with the Secretary's Forum. Doc. 120, Plaintiff's depositions, pp. 246–247. This is a claim of discrimination of the type which the EEOC might reasonably have investigated when it investigated the charge of retaliation for having made claims of discrimination. Defendant does not seek partial summary judgment as to this activity.

The second claim concerns the Sherry and Dunne promotions, which occurred after Plaintiff filed her EEOC charge. It is reasonable to expect that the EEOC would investigate into whether those promotions were denied in retaliation for filing the EEOC charge at the same time that the agency investigated whether the denial of the promotions was due to race, gender, or union activity. Partial summary judgment is denied as to this matter.

The third claim concerns the filing of charges of discrimination in the 1980's. It is highly doubtful that the investigation of the EEOC would have included this claim. Plaintiff has come forward with no evidence to show that any of her supervisors from that decade might still have had a retaliatory motive as late as the last part of the 1990's. Partial summary judgment is granted as to this claim.

The fourth claim concerns the filing of two union grievances on her own behalf. This is union activity. It would have reasonably been within the investigation of the EEOC. Partial summary judgment is denied as to this matter.

The fifth claim concerns involvement in the Focus Group. This was not union activity. Defendant has shown that Plaintiff cannot remember whether she made any report of discrimination to the Focus Group. Doc. 120, Plaintiff's deposition, pp. 250–252. Partial summary judgment is granted as to this matter.

The sixth claim concerns the giving of testimony for another employee. Plaintiff admitted in her deposition that this did not involve her in her status as a union steward, and there is no evidence in this record that Plaintiff made any claim of discrimination in this testimony. Doc. 120, Plaintiff's deposition, p. 246. Partial summary judgment is granted as to this matter.

The seventh claim concerns the filing of the EEOC charge. This is a matter which pertains to alleged retaliation in denial of the Sherry and Dunne promotions, which has already been allowed with respect to claim two above, and the alleged retaliatory discharge, which has been allowed in the last section. Partial summary judgment is denied as to this matter.

The eighth claim concerns participation in the investigation by the Inspector General. It would appear that this evidence will be relevant to the claim of retaliatory discharge, and that claim is properly before the court. Partial summary judgment is denied as to this matter.

Accordingly, it is ORDERED that Defendant's third motion for partial summary judgment, doc. 118, is GRANTED as to any claims concerning the promotion of Julia Strange on December 30, 1994, and the promotion of Vicki Cunniff on August 2, 1996, and as to any claims of retaliation arising from Plaintiff's involvement with (1) the filing of charges of discrimination in the 1980's, (2) the Focus Group, and (3) giving of testimony for another employee, but in all other respects the motion for

partial summary judgment is DENIED. The court expressly does not direct entry of partial final judgment pursuant to Fed. R.Civ.P. 54(b).