**Angaler GREEN,**

v.

**LOUISIANA CASINO CRUISES, INC. D/B/A Casino Rouge, and Kenneth Stubbs.**

**No. CIV.A. 01–514.**

United States District Court, M.D. Louisiana.

May 20, 2004.

John B. Lambremont, Sr., Alistair A. Adkinson, Scott J. Collier, Brian C. DeJean, Lambremont, Adkinson & DeJean, Baton Rouge, LA, for Plaintiff.

Murphy James Foster, III, Melissa M. Shirley, John M. Madison, III, Breazeale, Sachse & Wilson, Joseph Jerome Long, Baton Rouge, LA, for Defendant.

**1.** Rec. Doc. No. 122.

**2.** Rec. Doc. No. 127.

**3.** All federal claims and state law claims against Kenneth Stubbs were dismissed reserving plaintiff's right to exercise her state causes of action against him in state court.

## RULING

POLOZOLA, Chief Judge.

This matter is before the Court on the motion to dismiss filed by the defendant, Louisiana Casino Cruises, Inc. d/b/a Casino Rouge.[1] The motion is opposed.[2] For the reasons that follow, Casino Rouge's motion to dismiss is denied.

### Factual and Procedural Background

Plaintiff Angaler Green filed this suit against Casino Rouge and Kenneth Stubbs in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana alleging she was subjected to sexual harassment, racial discrimination, and retaliation while working for Casino Rouge.[3] After the EEOC completed its investigation and issued a right to sue letter, plaintiff amended her state court petition to include, *inter alia,* claims for violations of federal law pursuant to Title VII and 42 U.S.C. § 1981. This suit was then timely removed to federal court. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[4]

Casino Rouge questions the Court's jurisdiction over plaintiff's retaliatory discharge claims because the EEOC complaint does not allege plaintiff was terminated from her employment in retaliation for her complaints of sexual and racial harassment. Thus, Casino Rouge argues that this Court has no subject matter jurisdiction over the retaliatory discharge claim. Casino Rouge also argues that plaintiff's retaliatory discharge claim does not "grow out" of the initial EEOC charge because Casino Rouge did not

*See* Rec. Doc. No. 16. Thus, Casino Rouge is the only remaining defendant.

**4.** This case was originally scheduled for a jury trial on December 8, 2003, but the Court continued the trial without date because Casino Rouge filed this motion questioning the Court's jurisdiction.

even know about the EEOC charge until after plaintiff was terminated.[5] Plaintiff's counsel has conceded that Casino Rouge was not aware that plaintiff had filed a charge with the EEOC until after her termination. In addition, there has never been an allegation in this case that plaintiff's termination was because of or related to her having filed a charge with the EEOC.

Before analyzing the relevant law and its application to the facts of this case, a detailed review of the EEOC proceedings and the facts that coincided with the proceedings is necessary to understand the Court's ruling in this case. On March 18, 1999, plaintiff alleges she was subjected to sexual harassment and racial discrimination by her supervisor, Kenneth Stubbs while she was an employee of Casino Rouge. Plaintiff notified Casino Rouge's Human Resource Department of the alleged behavior. Thereafter, plaintiff claims Casino Rouge no longer scheduled her for supervisory shifts. These supervisory shifts paid more per hour than plaintiff's regular shifts paid. On September 10, 1999, plaintiff filed a complaint with the EEOC in which she alleged sexual harassment, race discrimination, and that Casino Rouge had retaliated against her for reporting sexual harassment and racial discrimination claims by not scheduling her for supervisor shifts.[6] Plaintiff's employment with Casino Rouge was subsequently terminated on February 1, 2000.

On March 13, 2001, plaintiff signed the EEOC Charge of Discrimination that again based her retaliation claim solely on the fact she was not "assigned supervisory shifts" in retaliation for her complaints of sexual harassment and racial discrimination.[7] In the section labeled "date discrimination took place," the charge listed the relevant dates as being from March 1, 1999 to September 15, 1999. Plaintiff did not check the box on the EEOC form indicating this charge was a continuing action. The charge indicated that plaintiff was discharged, but it did not specifically allege that her discharge was retaliatory.[8] On March 26, 2001, the EEOC issued a Notice of Right to Sue letter to plaintiff.[9] Plaintiff then amended her state court petition to include her federal claims for harassment, discrimination, and retaliation. Although neither the EEOC complaint nor the charge specifically allege retaliatory discharge, plaintiff alleged in Paragraph 8 of her initial petition for damages that she was discharged from Casino Rouge based on untrue charges of insubordination that were a pretext for the harassment, discrimination, and retaliation that the plaintiff had complained of.[10]

Counsel presented oral arguments on the pending motion to dismiss on March 25, 2004. During the hearing, the Court ruled that the "scope of the charge" and "relation back" doctrines did not apply as a matter of law under the facts of this case.

---

**5.** As noted later, this argument may be raised as part of a motion to dismiss this claim on the merits. The Court is not considering the merits of the claim at this time.

**6.** Rec. Doc. No. 123, Exhibit 1.

**7.** The exact language on the charge that describes the retaliation read "I believe . . . that I was not assigned supervisory shifts for the referenced period in retaliation for complaining aobut (sic) the sexual harassment . . ." Rec. Doc. No. 123, Exhibit 2.

**8.** The exact language on the charge that describes the discharge read "I had been employed with this company from December 1994 until February 1, 2000, when they discharged me. No reason was given for this treatment." Rec. Doc. No. 123, Exhibit 2.

**9.** Rec. Doc. No. 127, Exhibit 4.

**10.** Rec. Doc. No. 1.

However, the Court took under advisement the issue of whether ancillary jurisdiction applied under the facts of this case and ordered the parties to resubmit briefs on this issue.

Both parties concede that the Fifth Circuit recognizes the concept of ancillary jurisdiction, which holds that a plaintiff is not required to exhaust administrative remedies before seeking judicial review of a retaliation claim that grows out of an earlier EEOC charge. During oral argument, the Court was concerned that plaintiff's retaliatory discharge claim is based on allegations she was fired by Casino Rouge because of complaints she made to her supervisors while working there, not because she filed an EEOC charge. Casino Rouge argues that this Court could only have ancillary jurisdiction over plaintiff's retaliatory discharge claim if it was alleged that her firing was a consequence of, or because of, her filing a charge with the EEOC. Thus, the Court must now decide if ancillary jurisdiction applies to retaliation claims that are "reasonably related" to the initial EEOC charge, or only to claims that are a consequence of, or because of, the initial EEOC charge.

### Law and Analysis

■ Several federal courts of appeals, including the Fifth Circuit, recognize that a plaintiff is not required to exhaust administrative remedies before seeking judicial review of a retaliation claim that grows out of an earlier EEOC charge.[11] This is known as ancillary jurisdiction. Plaintiff seeks to have this exception applied to the facts of her case. The case cited most to support ancillary jurisdiction in the Fifth Circuit is *Gupta v. East Texas State Uni-*

*versity.*[12] In *Gupta,* a Texas professor filed two charges with the EEOC and received two right to sue letters prior to filing suit for Title VII violations in federal court. The first charge was based on allegations that the school failed to provide him with summer employment, and the second charge alleged "various acts of retaliation."[13] After instituting the lawsuit, the professor's contract was not renewed, and he then argued "his nonrenewal was in retaliation for his filing charges with the EEOC."[14] However, Gupta did not file an EEOC complaint for retaliatory discharge before filing the retaliatory claim in federal court.

■ The Fifth Circuit found it had jurisdiction over the plaintiff's retaliatory discharge claim even though the plaintiff had not exhausted his required administrative remedies with respect to the retaliatory discharge claim. In so doing, the Fifth Circuit held "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim **growing out of an earlier charge;** the district court has ancillary jurisdiction to hear such a claim when it **grows out of an administrative charge that is properly before the court.**"[15]

In supporting its decision that the district court did have ancillary jurisdiction over the retaliatory claim, the Fifth Circuit stated:

> There are strong practical reasons and policy justifications for this conclusion. It is the nature of retaliation claims that they arise after the filing of the EEOC charge. Requiring prior resort to the EEOC would mean that two charges

11. *See* Charles R. Richey, Manual on Employment Discrimination Law and Civil Rights Actions in the Federal Courts § 1.96 (1986) and cases cited therein. *See also Gupta v. East Texas State University,* 654 F.2d 411 (5th Cir. 1981).

12. *Gupta, supra.*

13. *Id.* at 412–13.

14. *Id.* at 413.

15. *Id.* at 414 (emphasis added).

would have to be filed in a retaliation case, a double filing that would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII. We are reluctant to erect a needless procedural barrier to the private claimant under Title VII, especially since the EEOC relies largely upon the private lawsuit to obtain the goals of Title VII. Intertwined with this practical reason for our holding is a strong policy justification. Eliminating this needless procedural barrier will deter employers from attempting to discourage employees from exercising their rights under Title VII.[16]

There are two other Fifth Circuit cases that apply ancillary jurisdiction to retaliatory discharge claims—*Gottlieb v. Tulane University of Louisiana*[17] and *Barrow v. New Orleans S.S. Ass'n.*[18] In both of these cases, the Fifth Circuit simply required that the retaliatory discharge claim grow out of an earlier filed administrative charge that is now properly before the Court.[19] The Fifth Circuit never has required the "because of" or "consequence of" standard that Casino Rouge now seeks to have this Court apply.

The Court acknowledges that other appellate and district court opinions rendered in other circuits do support the arguments made by Casino Rouge. The Court also notes that a continuing theme in employment discrimination law is the requirement that a Title VII plaintiff exhaust administrative remedies as a condition precedent to a federal district court exercising jurisdiction over such claims.[20] However, this Court is bound by the clear Fifth Circuit precedent. Thus, the Court cannot ignore the unmistakable language included in the three Fifth Circuit opinions discussed above that does not require the limitations on the exercise of ancillary jurisdiction that Casino Rouge suggests are required. The Fifth Circuit opinions require this Court to exercise subject matter jurisdiction over a retaliatory discharge claim if the Court would have subject matter jurisdiction over the other discrimination claims. The Court does have jurisdiction over the other discrimination claims that are properly before the Court. Because the retaliatory discharge claim is based on these pending claims over which the Court has jurisdiction, the Court has ancillary jurisdiction over the retaliatory discharge claim even though plaintiff did not file a complaint with the EEOC on the retaliation claim. Here, the Court has pending several discrimination claims, all properly before the Court, and the retaliatory discharge claim that is based on the same operative facts that make up the pending discrimination claims. Therefore, the Court finds that ancillary jurisdiction applies to the facts of this case. Thus, the Court finds that does have subject matter jurisdiction over plaintiff's retaliatory discharge claim.[21]

16. *Id.* (citations omitted.)

17. 809 F.2d 278 (5th Cir.1987).

18. 932 F.2d 473 (5th Cir.1991).

19. In fact, the only time the Fifth Circuit has refused to apply ancillary jurisdiction to save a retaliatory discharge claim was because the claim was ancillary to an untimely EEOC claim, and thus there was no claim that was properly before the Court. *See Barrow, supra* at 479.

20. *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 379 (5th Cir.2002).

21. While the Court finds that it does have subject matter jurisdiction over plaintiff's retaliatory discharge claim, the Court makes no determination on the merits of the retaliatory discharge claim. The Court reserves to Casino Rouge the right to file a motion to dismiss plaintiff's retaliatory discharge claim within the time limits set forth in the scheduling order.

## Conclusion

For reasons set forth above, the Court denies Casino Rouge's motion to dismiss the retaliatory discharge claim for lack of jurisdiction.