United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-50954
Summary Calendar

_____

JOHN T EBERLE, JR

        Plaintiff - Appellant

   v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL; FEDERAL BUREAU OF
PRISONS

        Defendants - Appellees

---

Appeal from the United States District Court
for the Western District of Texas, Austin
No. 1:05-CV-192

---

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant John T. Eberle, Jr. ("Eberle"),

proceeding pro se, appeals the district court's order granting

summary judgment in favor of his employer, United States Attorney

General Alberto Gonzales and the Federal Bureau of Prisons

(collectively, "Defendants"), on his claims of age, race, and

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

-1-

disability discrimination and retaliation.  Exercising
jurisdiction under 28 U.S.C. § 1291, we now AFFIRM.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Eberle, a fifty-four year old Caucasian man who suffers from
bipolar disorder, has been employed by the Federal Bureau of
Prisons ("BOP") at the Federal Correctional Institution in
Bastrop, Texas, since approximately 1988.  During his employment
with BOP, Eberle has received over fifty awards and has served as
an Equal Employment Opportunity ("EEO") Program Manager.

This appeal concerns Eberle's non-selections for six General
Foreman positions.  During 2003 and 2004, Eberle applied for the
General Foreman position at the Federal Detention Centers in
Houston, Texas, Safford, Arizona, Williamsburg, South Carolina,
Sheridan, Oregon, and Edgefield, South Carolina, the last of
which had two openings.  At the time, Eberle was in his early
fifties and was a Maintenance Worker Supervisor.

The Federal Prison System Merit Promotion Plan set forth the
manner in which applicants were to be promoted in the BOP.  After
applications were submitted, a promotion board selected the
candidates who ranked at the top when compared with other
eligible candidates for promotion.  Those highly ranked
candidates were then grouped together as the best qualified
applicants.  A promotion certificate including the names and
applications of the best qualified applicants was then forwarded

to the selecting official.  The selecting official could either:
(1) select any best qualified applicant; (2) fill the position
through some other type of placement action; or (3) decide not to
fill the position.

Each time Eberle applied for the General Foreman position,
he was found to be one of the best qualified applicants, but he
was not promoted to the General Foreman position.  Rather, other
applicants from the best qualified list were chosen by the
selecting officials.  The selecting officials for each location
were different, except that the selecting official for Edgefield
filled both openings.

In late September 2003, after being notified that he had not
been selected for the Houston position, Eberle contacted EEO
counselor Debra Parks, who in October 2003 referred Eberle to EEO
counselor Deborah Warren.  In January 2004, Eberle contacted
Deborah Warren, alleging that he was not selected for the General
Foreman positions in Houston, Safford, or for either position in
Edgefield because of his age.  He did not complain of race or
disability discrimination or retaliation.

On March 31, 2004, Eberle filed a complaint with the Equal
Employment Opportunity Commission ("EEOC"), alleging age
discrimination for failure to promote.  The EEOC accepted for
investigation Eberle's claims for the General Foreman positions
in Edgefield and Safford, but rejected the allegation regarding
the position in Houston as untimely.

In April 2004, Eberle requested that the EEOC add Houston to its investigation, arguing that he had met with EEO counselor Debra Parks within forty-five days of his non-selection but that she was too busy and had "bounced" him to Deborah Warren, which delayed the filing of his complaint. Eberle also requested that the EEOC add his non-promotions for the General Foreman positions in Williamsburg and Sheridan to his complaint.

The EEOC accepted the allegation related to the position in Houston for investigation, but denied Eberle's request to include his non-promotions in Williamsburg and Sheridan. The EEOC informed Eberle that his allegations regarding Williamsburg and Sheridan were not like or related to his pending EEOC complaint and recommended that Eberle seek EEO counseling for these allegations.

In September 2004, Eberle received a copy of the EEOC investigation. He also received his right to sue letter.

On March 18, 2005, Eberle filed this lawsuit. Eberle alleges that he was discriminated and retaliated against when he was not selected for any of the General Foreman positions based on his age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., his race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and his physical disability or handicap, in violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. Defendants moved for summary

-4-

judgment on all of Eberle's claims.

The action was referred to a magistrate judge. The magistrate judge recommended that the district court grant Defendants' summary judgment motion. The district court accepted the magistrate judge's Report and Recommendation, granting summary judgment to Defendants on Eberle's claims. On June 28, 2006, the district court entered its final judgment. Eberle now appeals.

## II.  STANDARD OF REVIEW

"The grant of summary judgment is reviewed *de novo* and may be affirmed on any ground raised below and supported by the record." Administaff Cos. v. N.Y. Joint Bd., Shirt & Leisurewear Div., 337 F.3d 454, 456 (5th Cir. 2003). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). If the movant satisfies his initial burden of demonstrating the absence of a material fact issue, then "'the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements of [his] case for which [he] will bear the burden of proof at trial.'" Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415,

-5-

1429 (5th Cir. 1996) (en banc) (quoting Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir. 1994) (citations omitted)).  "[T]here is no material fact issue unless 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  In addition, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden."  Id.

### III.  DISCUSSION

Eberle raises several issues on appeal.  He argues that the district court erred in holding that his claims for race and disability discrimination were not administratively exhausted. He also contends that the district court erred by not considering his claims related to his non-promotions in Williamsburg and Sheridan.  Eberle further maintains that the district court should have considered the merits of his retaliation claims instead of holding that these claims were not exhausted.

Eberle next asserts that the district court erred in granting summary judgment on his age discrimination claims because he asserts that he was better qualified and more experienced than those applicants who were selected for the General Foreman positions.  Finally, he complains that the district court's grant of summary judgment was inappropriate because he is entitled to a trial by jury and because he was

denied discovery.[1]  We will address each of these issues in turn.

**A.    Eberle's claims for race and disability discrimination, his claims related to his non-promotions in Williamsburg and Sheridan, and his claims for retaliation were not administratively exhausted**

### 1.    Race and Disability Discrimination Claims

Eberle argues that he did not know about his claims for race and disability discrimination until he received a copy of the EEOC investigation in September 2004.  Based on his lack of knowledge of the claims, he contends that the district court erred in dismissing these claims for failure to exhaust administrative remedies.

Prior to bringing suit for employment discrimination claims, a federal employee must exhaust his administrative remedies.  <u>See</u> <u>Fitzgerald v. Sec'y, U.S. Dep't of Veterans Affairs</u>, 121 F.3d 203, 206 (5th Cir. 1997).  Federal regulations require an employee who believes that he has been discriminated against on the basis of race, color, religion, sex, national origin, age, or handicap to initiate contact with an EEO counselor within forty-

---

[1]  Eberle also argues that the district court never addressed his "Motion to Suspend the Legal Standard."  He appears to be contending that the "motion to dismiss" and not "motion for summary judgment" standards should govern his case.  However, we are not dealing with a motion to dismiss for failure to state a claim.  The appropriate standard is that governing summary judgment, which is the motion Defendants filed in this case.  To the extent Eberle is making some other argument, it is waived for failure to adequately brief the issue.  <u>See</u> <u>Grant v. Cuellar</u>, 59 F.3d 523, 524 (5th Cir. 1995) (stating that pro se litigants must reasonably comply with the Federal Rules of Appellate Procedure).

five days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within forty-five days of the effective date of the action. 29 C.F.R. § 1614.105(a)(1). "Failure to notify the EEO counselor in timely fashion may bar a claim, absent a defense of waiver, estoppel, or equitable tolling." Pacheco v. Rice, 966 F.2d 904, 905 (5th Cir. 1992). The employee bears the burden of establishing waiver, estoppel, or equitable tolling to circumvent this EEO requirement. Teemac v. Henderson, 298 F.3d 452, 454, 457 (5th Cir. 2002).

Eberle never initiated contact with an EEO counselor regarding his claims of race and disability discrimination for any of his non-promotions, thus failing to comply with the forty-five day period prescribed by 29 C.F.R. § 1614.105. Instead, Eberle attempts to toll the forty-five day requirement by arguing that he was not aware of these claims. We are not persuaded.

This court has refused to toll the requirement in 29 C.F.R. § 1614.105 in other instances where the defendant claimed he lacked the necessary knowledge to pursue his claims. In Pacheco v. Rice, the plaintiff argued that the time limit for notifying an EEO counselor should be tolled because he did not learn that his employer had treated another employee more favorably than him until three years after he was terminated. 966 F.2d at 905-06. The plaintiff contended that he did not perceive that the circumstances surrounding his discharge were discriminatory until he discovered this disparate treatment. Id. at 906. In refusing

to toll the EEO requirement, this court held that the doctrine of equitable tolling "does not permit plaintiffs to suspend the time for filing discrimination complaints indefinitely when they discover instances of disparate treatment of other employees months or years after their discharge." Id. at 907. The court recognized that although it was to be expected that some relevant facts would come to light after the complained-of action, "one purpose of filing an administrative complaint is to uncover them." Id. The court concluded that "[t]he requirement of diligent inquiry imposes an affirmative duty on the potential plaintiff to proceed with a reasonable investigation in response to an adverse event." Id.

The reasoning in Pacheco applies here. There is no reason that Eberle could not have raised his claims of race and disability discrimination at the time he raised his claims of age discrimination. As a former EEO program manager who received annual EEO training, Eberle was familiar with the EEO process. If Eberle suspected that he was being singled out because of his race or disability, he could easily have complained. Eberle never consulted with an EEO counselor regarding these claims, nor did he attempt to amend his formal EEOC complaint with these additional claims. Instead, he sat on his rights until he filed his case in federal court. Consequently, Eberle is not entitled to equitable tolling. See Teemac, 298 F.3d at 457 ("Equitable tolling applies only in rare and exceptional circumstances.")

-9-

(internal quotation marks and citation omitted).

Because we conclude that the district court correctly held that Eberle failed to exhaust his administrative remedies and because the grounds for equitable tolling are inapplicable, we affirm the district court's judgment as to these claims.

### 2. Claims Related to Non-Promotions in Williamsburg and Sheridan

Eberle next contends that the district court erred by not considering his claims for his non-promotions in Williamsburg and Sheridan. He argues that these allegations are "alike and the same" as his allegations for his non-promotions in Houston, Safford, and Edgefield.

Again, we cannot agree. As explained earlier, failure to notify an EEO counselor within forty-five days of the alleged discriminatory action may bar the plaintiff's claim. See Pacheco, 966 F.2d at 905. It is undisputed that Eberle never initiated contact with an EEO counselor regarding his allegations related to his non-promotions in Williamsburg and Sheridan. In fact, when Eberle attempted to get the EEOC to amend his complaint to include these claims, the EEOC refused, advising Eberle to seek EEO counseling first. Eberle did not heed the EEOC's advice.

Eberle's contention that his Williamsburg and Sheridan claims are "the same" as his other claims is not persuasive. While a plaintiff may complain of otherwise time-barred

-10-

discriminatory acts if it can be shown that the discrimination manifested itself over time, discrete discriminatory acts are not entitled to the shelter of the continuing violation doctrine. See Frank v. Xerox Corp., 347 F.3d 130, 136 (5th Cir. 2003). Failure to promote is a discrete discriminatory act. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). Accordingly, Eberle was required to seek EEO counseling within forty-five days of the non-promotions in Williamsburg and Sheridan. See 29 C.F.R. § 1614.105. Because he failed to do so, Eberle's claims related to Williamsburg and Sheridan are procedurally barred. Thus, the district court committed no error in refusing to entertain these allegations.

### 3. Retaliation Claims

Eberle argues that the district court erred in dismissing his retaliation claims for failure to exhaust administrative remedies. He claims that he was not required to exhaust his retaliation claims under this court's decision in Gupta v. East Texas State University, 654 F.2d 411 (5th Cir. 1981).

Eberle's argument misunderstands the import of our precedent. In Gupta, this court held that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." 654 F.2d at 414. We explained the practical reasons and

-11-

policy justifications for this rule as follows:

> It is the nature of retaliation claims that they arise *after the filing of the EEOC charge*. Requiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case[,] a double filing that would serve no purpose except to create additional procedural technicalities . . . .

Id. (emphasis added).

However, Gupta and its rationale are not applicable when, as here, the alleged retaliation occurs *before* the filing of the EEOC charge. Eberle alleges that Defendants retaliated against him by not promoting him to any of the General Foreman positions. It is undisputed that Eberle found out he was not promoted for the positions in Houston, Edgefield, and Safford, on September 10, 2003, December 24, 2003, and January 26, 2004, respectively, well before he filed his EEOC complaint on March 31, 2004. Since the alleged retaliation (i.e., non-promotion) occurred prior to the filing of his EEOC complaint, Eberle was well aware of the conduct and actions that would give rise to his claims of retaliation. Given these factual circumstances, Eberle's retaliation claims do not fall under the Gupta exception. See Miller v. Sw. Bell Tel. Co., No. 01-21318, 2002 WL 31415083, at *8 (5th Cir. Oct. 7, 2002) (unpublished) (explaining that the Gupta exception does not apply where the alleged adverse employment action prompting the plaintiff's claim for retaliation occurred prior to the filing of his discrimination charge). Because the alleged retaliation in the instant case occurred

-12-

before Eberle filed his EEOC complaint, Eberle should have exhausted his administrative remedies on his retaliation claims.

Alternatively, to the extent Eberle is claiming that he was retaliated against *after* he filed his EEOC complaint in March 2004, this claim would be covered by the Gupta exception. Ultimately, however, this claim would still fail because Eberle cannot raise a genuine issue of material fact to support a prima facie case of retaliation.

To establish a prima facie case of unlawful retaliation, the employee must show that: (1) he engaged in protected activity; (2) he suffered an adverse employment decision; and (3) a causal link exists between the protected activity and the adverse employment decision. Medina v. Ramsey Steel Co., 238 F.3d 674, 684 (5th Cir. 2001). A "causal link" is established when the evidence demonstrates that the employer's adverse employment decision was based in part on knowledge of the employee's protected activity. Id. In order to establish this causal link prong, "the employee should demonstrate that the employer knew about the employee's protected activity." Manning v. Chevron Chem. Co., 332 F.3d 874, 883 (5th Cir. 2003).

Eberle's brief is not clear as to whether he is alleging that he suffered an adverse employment decision as a result of filing his EEOC complaint in March 2004. He points to "74 pieces of evidence," but this is not competent summary judgment evidence

-13-

that we can consider on appeal.[2]  To the extent he is arguing

that his non-promotions in Williamsburg and Sheridan were the

adverse employment decisions, Eberle still fails to establish a

prima facie case of retaliation.  There is no competent summary

judgment evidence of a causal link between Eberle's EEOC

complaint and his failure to receive any position.  His

subjective belief that he was retaliated against, without more,

is not sufficient to survive summary judgment.  Cf. Douglass, 79

F.3d at 1429.  We therefore affirm the district court's judgment

on Eberle's retaliation claims.[3]

**B.**   **Eberle's claims for age discrimination under the ADEA based on his non-promotions in Houston, Safford, and Edgefield fail to raise a genuine issue of material fact**

   1.   ADEA Claim for Non-Promotion in Houston

---

   [2]  Eberle contends that he set forth summary judgment
evidence in the form of seventy-four facts and exhibits and that
the district court ignored this evidence in ruling on his
retaliation and discrimination claims.  The magistrate judge
rejected the submission of these facts and exhibits because
Eberle had not submitted an affidavit based on his personal
knowledge, had not presented facts that would be admissible into
evidence, and had not properly authenticated his exhibits.
   After filing his brief in this court, on January 10,
2007, Eberle filed his personal affidavit in support of the
seventy-four exhibits and facts.  However, Eberle's attempt is
too little, too late.  This court will not consider evidence as
part of the appellant's summary judgment record that was not
properly before the district court.  See John v. Louisiana, 757
F.2d 698, 710-11 (5th Cir. 1985).

   [3]  Because we conclude that Eberle either failed to exhaust
his administrative remedies or failed to establish a prima facie
case of retaliation, we need not reach Defendants' alternative
argument that the government has not waived sovereign immunity
under the ADEA for retaliation claims.

-14-

Eberle next argues that the district court did not thoroughly consider the evidence regarding his failure-to-promote claim for the Houston position. Specifically, Eberle claims that he was better qualified and more experienced than Ken Brooks, the applicant selected for the position.

Because Eberle's ADEA claim is based on circumstantial evidence, it is governed by the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Medina, 238 F.3d at 680. Under McDonnell Douglas, the employee must first establish a prima facie case of age discrimination, which requires the employee to prove that: (1) he belongs to the protected class;[4] (2) he applied for and was qualified for a position for which applicants were being sought; (3) he was rejected; and (4) either (i) someone outside the protected class was selected, (ii) someone younger was selected, or (iii) he was otherwise rejected because of his age. See Rachid v. Jack in the Box, Inc., 376 F.3d 305, 309 (5th Cir. 2004). It is undisputed that Eberle belongs to the protected class, he applied for and was qualified for the position, he was passed over for promotion, and an applicant not within the protected class was promoted.

The burden therefore shifts to Defendants to articulate a

---

[4] See 29 U.S.C. § 631 (stating that the prohibitions in the ADEA "shall be limited to individuals who are at least 40 years of age").

legitimate, nondiscriminatory reason for their decision to select Brooks instead of Eberle. See Medina, 238 F.3d at 680. Defendants offer several justifications: first, that the selecting official for Houston did not know the ages of the applicants on the best qualified list (a list that included Eberle, Brooks, and six other applicants); second, that the promotion plan allowed the selecting official to select any applicant from the best qualified list; and finally, that the selecting official was looking for someone with a background in electronics and communications and that Brooks fit that description.

Because Defendants have sustained their burden of production, Eberle must raise a genuine issue of material fact as to whether Defendants' proffered reasons were a pretext for age discrimination.[5] See id. Eberle does not confront all of Defendants' legitimate, nondiscriminatory reasons for selecting Brooks; instead, he raises essentially two arguments in an effort to show pretext. First, Eberle contends that he was clearly better qualified than Brooks because he had taken over 104 classes at the BOP, had won numerous awards, had served as an instructor, was bilingual, and had worked for the BOP longer than Brooks. Second, Eberle asserts that he scored higher than Brooks on the merit promotion ranking form, a form used to determine the

---

[5] Eberle has not argued a mixed-motive theory. See Rachid, 376 F.3d at 312.

-16-

best qualified list.  For both of these reasons, Eberle argues that he should have been selected for the Houston position.

Eberle's belief that he was better qualified and had more experience than Brooks does not establish pretext.  Although a genuine issue of material fact exists when evidence shows the plaintiff was "clearly better qualified" than younger employees who were promoted, "this evidence must be more than merely subjective and speculative."  Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 42 (5th Cir. 1996).  Put another way, "differences in qualifications between job candidates are generally not probative evidence of discrimination unless those differences are so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue."  Deines v. Tex. Dep't of Protective & Regulatory Servs., 164 F.3d 277, 279 (5th Cir. 1999).[6]

Here, the differences in qualifications between Eberle and Brooks are not "so widely disparate that no reasonable employer would have made the same decision."  Id. at 282.  In addition, "greater experience alone will not suffice to raise a fact

---

[6]  The "clearly better qualified" standard for showing pretext by comparison to the preferred employee has survived the Supreme Court's recent rejection, in Ash v. Tyson Foods, Inc., 546 U.S. 454, 126 S. Ct. 1195, 1197-98 (2006), of the "slap you in the face" standard previously used by the Fifth Circuit.  See Stiner v. IBM Corp., No. 06-20588, 2007 WL 30837, at *2 n.2 (5th Cir. Jan. 5, 2007) (unpublished).

question as to whether one person is clearly more qualified than another. More evidence, such as comparative work performance, is needed." <u>Nichols</u>, 81 F.3d at 42. Eberle's summary judgment evidence does not contain sufficiently specific reasons to support his subjective opinion that he was more qualified than Brooks for the General Foreman position.

Eberle's contention that he scored higher on the merit promotion ranking form than Brooks also does not establish that Defendants' reason for selecting Brooks was pretextual. According to the promotion plan, the scores were used to determine which candidates would be selected for the best qualified applicant list. Once the best qualified applicants were selected, the selecting official could choose any candidate from the best qualified list regardless of that applicant's score on the ranking form. Eberle has not adduced any competent summary judgment evidence that the promotion plan was not followed.

In sum, Eberle merely speculates that age was a factor in Defendants' selection, but such unsubstantiated assertions are not competent summary judgment evidence. Because Eberle has failed to raise a genuine issue of material fact as to whether Defendants' proffered reasons were a pretext for age discrimination, the district court's summary judgment on this issue is affirmed.

    2. <u>ADEA Claims for Non-Promotions in Edgefield</u>

-18-

Eberle raises almost identical arguments for his non-promotions in Edgefield as he did for his non-promotion in Houston.  He argues that neither of the selected applicants, David Goff and Christopher Mayson, was qualified for the General Foreman position.  He again points to his awards, training classes, and years of service with the BOP as evidence of pretext.

Turning to the McDonnell Douglas framework, Eberle has established a prima facie case of age discrimination.  Defendants have also met their burden of producing a legitimate, nondiscriminatory reason for selecting Goff and Mayson instead of Eberle.  Defendants assert that the selecting official did not consider age as a factor in his decision.  Defendants also maintain that the selecting official considered the nine best qualified applicants, which included Eberle, Goff, and Mayson, and selected Goff and Mayson based on their strong administrative, communication, and written communication skills, skills the selecting official thought were crucial for the Edgefield positions.

The focus therefore becomes whether Eberle has met his burden of showing that Defendants' explanation was merely a pretext for discrimination.  Eberle makes the same attempt to establish pretext as he did for the Houston position: that he is clearly better qualified than Goff and Mayson, and that his score on the ranking form used for determining the best qualified list

-19-

was higher than those of the applicants ultimately selected.  For all of the reasons stated above, Eberle has failed to create a jury issue that Defendants' stated reasons for not promoting Eberle were pretextual.  See Nichols, 81 F.3d at 42.  In addition, none of the other evidence presented by Eberle creates a genuine issue of material fact regarding pretext.  We thus conclude that the district court did not err in granting summary judgment to Defendants on these Edgefield claims of age discrimination.

### 3.    ADEA Claim for Non-Promotion in Safford

Finally, Eberle asserts that he should have been promoted to the General Foreman in Safford because he was more qualified and more experienced than John Hughes, the applicant who was selected from the best qualified list, a list that also included Eberle and four other applicants.

Under McDonnell Douglas, Eberle must first raise a genuine issue of material fact as to each element of his prima facie case for age discrimination.  See Rachid, 376 F.3d at 309.  Eberle has failed to satisfy his burden.  John Hughes is one and one-half years older than Eberle.  In addition, Eberle has not set forth any competent summary judgment evidence that he was otherwise not promoted because of his age.  Accordingly, we affirm the district court's judgment on this issue.

**C.   Eberle's arguments that he is entitled to a jury trial and that he was denied discovery lack merit**

Finally, Eberle argues that it was inappropriate for the district court to dismiss his case on summary judgment grounds and to deny him the opportunity to present his evidence to a jury. He further claims that he was denied discovery.

These contentions are frivolous. Federal Rule of Civil Procedure 56(c) requires the court to render summary judgment if the appropriate materials on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." As this court has explained, "[t]he function of the jury is to try the material facts; where no such facts are in dispute, there is no occasion for jury trial. Thus the right to trial by jury does not prevent a court from granting summary judgment." Plaisance v. Phelps, 845 F.2d 107, 108 (5th Cir. 1988). When the district court properly entered summary judgment on Eberle's claims, his demand for a jury trial became moot. See id.

Equally without merit is Eberle's argument that he was denied discovery. All discovery in Eberle's case was to be completed on or before January 31, 2006, approximately three weeks before the deadline for dispositive motions. These dates were established in a September 1, 2005, scheduling order. The district court allowed Eberle adequate time to complete his discovery. Eberle never requested to continue discovery beyond the deadline. Consequently, the district court committed no error.

-21-

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

AFFIRMED.