BYE, Circuit Judge,
concurring in part and dissenting in part.
In her judicial complaint, Richter alleged Advance Auto unlawfully retaliated *858 against her after she filed a discrimination charge with the EEOC. She further alleged the retaliation was a direct result of the filing of the EEOC charge. The issue presented in this appeal, therefore, is a narrow one: is a claim alleging retaliation occurring after and as a result of the filing of a discrimination charge with the EEOC like or reasonably related to the allegations in the charge so as to be deemed exhausted. Because in my opinion Richter’s retaliation claim is reasonably related to the allegations in the EEOC charge, as it grew out of these allegations, I would reverse the district court’s dismissal of the claim for failure to exhaust administrative remedies. Therefore, I respectfully dissent from Part II.A of the court’s opinion.
Prior to the Supreme Court’s decision in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), the circuit courts overwhelmingly recognized a Title VII plaintiff need not file a new or amended EEOC charge of retaliation if the retaliation arose after and as a result of engaging in the protected activity of filing an EEOC charge. See Clockedile v. N.H. Dep’t of Corr., 245 F.3d 1, 4 & n. 3 (1st Cir.2001) (collecting cases); see also Anderson v. Block, 807 F.2d 145, 148 (8th Cir.1986). Then in Morgan, the Court addressed whether the continuing violation doctrine applies to discrete acts of unlawful employment practices which, although related to the acts alleged in the timely filed EEOC charge, are otherwise time barred. 536 U.S. at 106, 122 S.Ct. 2061. The Court held the doctrine is inapplicable to Title VII claims involving discrete acts of discrimination or retaliation. Id. at 122, 122 S.Ct. 2061. Because each discrete act of unlawful employment practice constitutes a separate actionable practice, the Court concluded “discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.” Id. at 113-14, 122 S.Ct. 2061.
Some courts moved away from their approach to related, post-filing retaliation claims in the wake of Morgan. Interpreting Morgan’s holding broadly, these courts concluded a Title VII plaintiff must file a separate EEOC charge for each discrete act of retaliation, even when the retaliation occurs after a timely charge has been filed. See, e.g., Martinez v. Potter, 347 F.3d 1208, 1210-11 (10th Cir.2003); Romero-Ostolaza v. Ridge, 370 F.Supp.2d 139, 149 (D.D.C.2005) (“[I]t makes sense to apply Morgan to bar subsequent discrete acts that a plaintiff fails to exhaust in the administrative process.”). Other courts, however, construed Morgan more narrowly and continued to adhere to the position post-filing acts of retaliation, resulting from filing the charge in the first instance, can be pursued without administrative exhaustion because they are like or reasonably related to the allegations in the charge. See, e.g., Jones v. Calvert Grp., Ltd., 551 F.3d 297, 302 (4th Cir.2009) (concluding a Title VII plaintiff may bring a retaliation claim for the first time in federal court because “a claim of retaliation for the filing of an EEOC charge as discrimination is indeed like or reasonably related to and growing out of such allegations”) (internal quotation marks and citation omitted); Delisle v. Brimfield Twp. Police Dep’t, 94 Fed.Appx. 247, 252-53 (6th Cir.2004) (unpublished) (stating Morgan did not address whether courts can hear claims based on discriminatory acts occurring after the timely filed EEOC charge). Two primary considerations seem to underlay these courts’ continued adherence to the like-or-reasonably-related-to exception for post-filing retaliation claims post-Morgan.
First, the operative facts in Morgan involved retaliatory acts occurring prior to, *859 rather than after, the EEOC filing. See Jones, 551 F.3d at 303; see also Lyons, 307 F.3d at 1102-04 (concluding plaintiffs were not required to exhaust administrative remedies for claims alleging failure to promote as a result of filing an EEOC charge and explaining Morgan is inapplicable to post-filing discrete acts); Delisle, 94 Fed.Appx. at 253 (stating Morgan did not address whether courts can hear claims based on discriminatory acts occurring after the timely filed EEOC charge). Additionally, the narrow issue before the Court in Morgan was “when the limitations clock for filing an EEOC charge begins ticking with regard to discrete unlawful employment practices.” Jones, 551 F.3d at 303. Morgan’s holding, therefore, “concerns only Congress’s clear preference as expressed in Title VII for prompt processing of all charges of employment discrimination ... [and] does not purport to address the extent to which an EEOC charge satisfies exhaustion requirements for claims of related, post-charge events.” Id. (internal quotation marks and citation omitted).
Second, public policy considerations favor excepting post-filing retaliation claims from administrative exhaustion. In concluding a plaintiff should not be required to file a new EEOC charge for retaliation claims arising after the filing, the Fifth Circuit, for example, emphasized the “needless procedural barrier” a contrary rule would require. See, e.g., Eberle v. Gonzales, 240 Fed.Appx. 622, 628 (5th Cir.2007) (unpublished) (“ ‘It is the nature of retaliation claims that they arise after the filing of the EEOC charge. Requiring pri- or resort to the EEOC would mean that two charges would have to be filed ... a double filing that would serve no purpose except to create additional procedural technicalities.’ ”) (quoting Gupta v. E. Tex. State Univ., 654 F.2d 411, 414 (5th Cir.1981)). “Eliminating this needless procedural barrier[,]” the court reasoned, “will deter employers from attempting to discourage employees from exercising their rights under Title VII.” Gupta, 654 F.2d at 414. Further, in continuing to adhere to its pre-Morgan rule on exhaustion for post-filing retaliation claims, the Fourth Circuit explained “a plaintiff that has already been retaliated against one time for filing an EEOC charge will naturally be reluctant to file a separate charge, possibly bringing about further retaliation.” Jones, 551 F.3d at 302; see also Schwartz v. Bay Indus., 274 F.Supp.2d 1041, 1047 (E.D.Wis.2003) (explaining the Seventh Circuit’s rule for post-filing retaliation claims is premised on the fact that “having once been retaliated against for filing an administrative charge, the plaintiff will naturally be gun shy about inviting further retaliation by filing a second charge complaining about the first retaliation”).
Our circuit considered Morgan’s impact on exhaustion of related, post-filing retaliation claims in Wedow v. City of Kansas City, Missouri, 442 F.3d 661 (8th Cir.2006). The majority states Wedow “disavowed” the applicability of the Iike-or-reasonably-related-to exception to a ‘“subsequent retaliation claim growing out of an EEOC ... discrimination complaint.’ ” Ante at 852 (quoting Wedow, 442 F.3d at 672). It thus concludes Wedow forecloses Richter’s contention she was not required to administratively exhaust her retaliation claim because the claim is like or reasonably related to the claim of discrimination based on race and sex Richter asserted in her timely filed EEOC charge. I cannot agree with the majority’s interpretation of the principles announced in Wedow.
To begin, Wedow did not purport to address whether a plaintiff asserting retaliation after and as a result of a timely filed EEOC charge must file a new or amended charge with the EEOC before pursuing *860 her retaliation claim in federal court. Rather, the narrow issue in Wedow concerned only the applicability of the like-or-reasonably-related-to exception to “subsequent retaliatory acts [that are] of a like kind to the retaliatory acts alleged in the EEOC charge, which were specified to be of an ongoing and continuing nature.” 442 F.3d at 674 (emphasis added). Wed-ow’s holding is therefore limited to retaliation claims arising after the filing of the EEOC charge, but asserting “the same type of ongoing retaliation alleged in the timely filed' administrative charge[ ].” Id.
The majority concludes Wedow “lends no support to Richter’s claim [because] [u]nlike the plaintiffs in Wedow, Richter never alleged any retaliation in her charge filed with the EEOC.” Ante at 852 n. 1. I agree Richter’s retaliation claim is unlike the retaliation claims asserted in Wedow and is therefore not governed by Wedow’s limited holding. I do not, however, view our holding in Wedow as so limiting as to foreclose Richter’s argument the like-or-reasonably-related-to exception to the exhaustion doctrine applies to subsequent retaliatory acts arising from the filing of the EEOC charge. On the contrary, while Wedow noted our circuit’s narrowing of the exception post -Morgan, it also emphasized our reluctance to abandon it in toto:
In light of the Supreme Court’s clear rejection in Morgan of the continuing violation theory as a means to toll the limitation period for discrete acts of discrimination that occurred prior to the limitation period for a timely filed charge, some courts have concluded that the rule applies with equal force to discrete acts of discrimination that occur subsequent to a timely filed EEOC charge. See Martinez v. Potter, 347 F.3d 1208, 1210-11 (10th Cir.2003).... These courts require a new or amended EEOC charge for each subsequent alleged incident of retaliation or discrimination, regardless of whether the subsequent acts are related to the allegations of the initial timely filed EEOC charge....
[But] [w]hile our court has narrowed its view of what subsequent acts are sufficiently related to be within the scope of the properly filed administrative charges, we have not wholly abandoned the theory that reasonably related subsequent acts may be considered exhausted.
Wedow, 442 F.3d at 674 (internal citation omitted). To be sure, Wedow also stated that
[w]hile at one time, [the like-or-reasonably related-to] exception ... permitted a finding that a subsequent retaliation claim growing out of an EEOC age discrimination complaint was sufficiently related to be within the scope of the lawsuit, see Wentz v. Md. Cas. Co., 869 F.2d 1153, 1154 (8th Cir.1989), we have subsequently recognized that “retaliation claims are not reasonably related to underlying discrimination claims.” Duncan v. Delta Consol. Indus., Inc., 371 F.3d 1020, 1025 (8th Cir.2004).
Wedow, 442 F.3d at 672-73. Duncan, however, the case on which Wedow relied for the unnecessarily overinclusive statement “retaliation claims are not reasonably related to underlying discrimination claims,” did not involve related, post-filing retaliation claims and is therefore inapposite to the proposition for which it was cited.
In Duncan, plaintiff had filed a charge with the EEOC alleging retaliation for having internally complained about sexual harassment, without alleging a separate claim of sex discrimination. Yet, plaintiffs Title YII judicial complaint asserted both retaliation and sex discrimination. The district court granted summary judgment in favor of the employer and we affirmed, concluding “charges of sexual harassment generally are not like or reasonably relat *861 ed to retaliation charges for complaining about antecedent harassment.” Duncan, 371 F.3d at 1025. Our conclusion was based on our circuit’s well-established, preMorgan precedent that retaliation claims are not reasonably related to underlying discrimination claims unless the retaliatory acts “grew out of the discrimination charge [plaintiff] filed with the EEOC.” Wallin v. Minn. Dep’t of Corrs., 153 F.3d 681, 688 (8th Cir.1998); see also Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 223 (8th Cir.1994) (stating “claims of race discrimination are separate and distinct from ... claims of retaliation”). Thus, the allegedly subsequent — presumably, post-Morgan — recognition Wedow speaks of is nothing more than a reiteration of our long established — and pre-Morgan — circuit precedent holding retaliatory acts occurring prior to the filing of the EEOC charge are not like or reasonably related to discrimination claims alleged in the charge. I therefore decline to view Wed-ow as foreclosing the applicability of the like-or-reasonably-related-to exception to retaliatory acts occurring after the filing of a discrimination charge with the EEOC and growing out of said charge as such acts are necessarily reasonably related to the underlying allegations in the charge.
As a result, Richter’s retaliation claim asserting Advance Auto unlawfully retaliated against her for filing a discrimination charge with the EEOC is reasonably related to the underlying discrimination claims so as to be deemed exhausted. I therefore respectfully dissent from Part II.A of the court’s opinion, which affirms the district court’s dismissal of Richter’s retaliation claim for failure to exhaust administrative remedies. I concur in Part II.B of the opinion concerning Richter’s state-law wrongful discharge claim.