# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60767
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2019

Lyle W. Cayce
Clerk

JASON ALSTON,

> Plaintiff - Appellant

v.

PRAIRIE FARMS DAIRY, INCORPORATED, doing business as Luvel,

> Defendant - Appellee

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 4:16-CV-245

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Jason Alston appeals the district court's grant of summary judgment to Prairie Farms Dairy, Inc., on his Title VII retaliation claim. He also appeals the denial of several post-judgment motions. We affirm.

Alston initially worked for the Mississippi Department of Transportation, where he filed at least one charge of discrimination with the Equal Employment Opportunity Commission. In 2015, he applied and was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60767

hired for a job with Prairie Farms, on a trial basis for ninety days. Alston's direct supervisor quickly grew concerned that Alston was unable to keep up with the work, and Alston was terminated approximately two weeks after he started.

Alston sued Prairie Farms, alleging that his supervisor at MDOT and his Prairie Farms interviewer had conspired to ensure that he would apply for and accept the Prairie Farms job—so that he could then be terminated in retaliation for the EEOC charge he had filed while at MDOT. Prairie Farms and Alston, proceeding pro se after the district court granted his counsel's motion to withdraw, cross-moved for summary judgment. The district court granted Prairie Farms' motion and denied Alston's. Alston filed a suite of other motions before and after the judgment, which the district court also denied.

We review the district court's grant of summary judgment de novo, construing all evidence in the light most favorable to Alston.[1] Summary judgment is appropriate where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."[2] The district court concluded that Alston had failed to demonstrate a genuine issue of material fact as to whether he had a prima facie case of unlawful retaliation in violation of Title VII: while Alston had engaged in protected activity and experienced an adverse employment action, he presented insufficient evidence to support a causal connection between the two.[3] The district court reasoned that Alston's only evidence of a causal connection came from his unsubstantiated, conclusory allegations that there was a plot between employees of MDOT and Prairie Farms to retaliate against him.[4] Further, it

---

[1] *See, e.g., Sims v. City of Madisonville*, 894 F.3d 632, 637 (5th Cir. 2018) (per curiam).

[2] *See id.* (quoting *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014)).

[3] *See Zamora v. City of Houston*, 798 F.3d 326, 331 (5th Cir. 2015).

[4] *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 390 (5th Cir. 2017) ("[T]he plaintiff's subjective belief that he was retaliated against, without more, [i]s

observed that while close temporal proximity *standing alone* will sometimes be enough to support an inference of causation, we have required such proximity to be "very close"—shorter in time than the approximately four months between the EEOC charge of discrimination against MDOT and Alston's termination from Prairie Farms.[5] We agree that Alston has not presented sufficient evidence to support his prima facie case of retaliation, and that the district court therefore did not err in granting Prairie Farms summary judgment. Nor do we find any error in the district court's denial of Alston's motion for relief from judgment.

Alston also raises several evidentiary issues on appeal, including that the district court erred in admitting certain declarations by Prairie Farms employees, denying his request for a continuance and motions for evidentiary hearings, and declining to recuse itself after Alston alleged a conflict of interest with one of Prairie Farms' attorneys. The district court did not abuse its discretion on any of these issues.[6] Alston further argues that Prairie Farms took improper actions during discovery, including failing to produce certain video footage and declarations. Here too, the district court did not abuse its discretion in holding that Alston had failed to raise pertinent discovery motions in a timely fashion and that his discovery-related challenges otherwise lacked merit.[7]

The judgment of the district court is affirmed.

---

insufficient to establish a prima facie case of retaliation") (citing *Eberle v. Gonzales*, 240 F. App'x 622, 629 (5th Cir. 2007) (per curiam)).

[5] *See Barkley v. Singing River Elec. Power Ass'n*, 433 F. App'x 254, 260 & n.11 (5th Cir. 2011).

[6] *See United States v. Clark*, 577 F.3d 273, 287 (5th Cir. 2009) ("We review the district court's evidentiary rulings for abuse of discretion."); *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003) ("This court reviews denials of motions to recuse for abuse of discretion.").

[7] *See In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 370 (5th Cir. 2016) ("[A] district court's discretion in discovery matters will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.").